IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TONI DONAHUE *individually and on behalf
of minor child* DCD,

        Plaintiff,


        vs.                      Case No. 17-2435-JTM


GOVERNOR SAM BROWNBACK *et al.*,

        Defendant.



MEMORANDUM AND ORDER


Pro se plaintiff Toni R. Donahue alleges in her Second Amended Complaint, advanced on behalf of herself and her minor child, DCD, that the defendants violated the United States Constitution, various federal statutes, and rights recognized by the United Nations, by their conduct including the filing of a truancy petition involving DCD, and the passage of the Kansas Freedom from Unsafe Seclusion and Restrain Act, which limits the ability of school districts to subject students to unwarranted physical restraint or seclusion, unless the student presents a reasonable and immediate danger of physical harm. Donahue sues Kansas Governor Sam Brownback and officials of the Kansas Division of Child and Family Services (DCF), Danielle Bartelli (an officer of KVC, a company providing child welfare services), and Johnson County District Attorney Stephen Howe.

The defendants have moved (Dkt. 25, 27, 29) to dismiss the action. Donahue has not filed any timely response to the motions. Pursuant to D.Kan.R. 7.4, defendants motions are granted as uncontested, and for good cause shown.

The State defendants are entitled to dismissal of plaintiff's § 1983 claims because DCF and its employees are protected by Eleventh Amendment immunity. *See Bock Associates v. Chronister*, 951 F. Supp. 969 (D. Kan. 1996); *Cosgrove v. Kansas Dept. of Social and Rehabilitative Services*, 744 F. Supp.2d 1178, 1189 (D. Kan. 2010). In addition, although the complaint asserts claims against Governor Brownback and DCF defendant Nicholson "in their individual capacities," the complaint fails to present any affirmative link between any alleged constitutional violation and the alleged harm. Nicholson, as an employee of DCF is entitled to qualified immunity as to plaintiff's failure to investigate claim, as any duty on the part of DCF was owed to the public at large rather than plaintiff as an individual. *See Burney v. Kansas Dept. of SRS*, 23 Kan. App.2d 394, 400, 931 P.2d 26, 30-1 (1997). Governor Brownback is entitled to immunity for his role in signing legislation into law. *See Emergency Network v. Bush*, 323 F.3d 937, 950 (11th Cir. 2003).

Defendant Howe is entitled to dismissal because the complaint fails to identify any law which would support a claim for relief as to the Johnson County District Attorney, and fails to demonstrate any personal participation in any unlawful conduct. In addition, any such claims are barred by both Eleventh Amendment immunity. *See Ontiberos v. Ladner*, No. 15-1179-JTM, 2015 WL 6811787 (D. Kan. Nov. 5, 2015, and prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

Defendant Bartelli is entitled to dismissal because the complaint fails to specify any specific actions by her which justifies a claim for relief. Instead, the complaint simply recites various statutes of causes of action, without any explanation of how the defendant's conduct violated any particular right.

In addition, the defendants correctly observe that Donahue, as a non-attorney, has no standing to present claims on behalf of her minor child, DCD. *See Zhu v. Countrywide Realty Co.*, 160 F. Supp. 2d 1210, 1225–26 (D. Kan. 2001) (federal law "does not permit pro se litigants to represent other parties, even their own children").

IT IS ACCORDINGLY ORDERED this 18th day of October, 2017, that the defendants's Motions to Dismiss (Dkt. 25, 27, 29) are hereby granted.


      s/ J. Thomas Marten      
J. THOMAS MARTEN, JUDGE