IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONI DONAHUE, *individually and on behalf of minor child DCD*,

        Plaintiff,

        *v.*        Case No.17-2435-JTM

GOVERNOR SAM BROWNBACK *et al.*,

        Defendants.

MEMORANDUM AND ORDER

On October 18, 2017, the court dismissed pro se plaintiff Toni Donahue's complaint against numerous officials of the State of Kansas. Invoking various constitutional rights and federal statutes, Donahue's complaint presented wide-ranging allegations of misconduct against the defendants based upon their actions involving herself and her minor child, DCD. The defendants moved to dismiss the action, and Donahue filed no response to the motions. In its Order, the court determined that plaintiff's complaints were precluded for various reasons, including operation of the Eleventh Amendment or other immunity. (Dkt. 34).

On December 28, 2017, Donahue sent an email to chambers which sets forth a narrative of the conspiracy she believes to be operating against her. Because plaintiff

concluded her letter with the statement that she "will attempt to fill out an official Motion for Reconsideration," the court construed the communication as supplementary material to be added to the docket as an attachment to the forthcoming motion. As plaintiff has submitted no such motion, the court hereby directs the Clerk of the Court to enter the email on the docket as a motion for reconsideration of the October 18 order of dismissal.

Local Rule 7.3(a) states that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed.R.Civ.P. 59(e) or 60." Motions for reconsideration "filed within [twenty-eight] days of the district court's entry of judgment ... [are] treated as [motions] to alter or amend judgment under Fed. R. Civ. P. 59(e)." *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995) (applying earlier version of Rule 59(e), when the deadline was ten days instead of twenty-eight). Motions filed outside Rule 59(e)'s twenty-eight day time period are examined under Rule 60(b). *Id.* Because Donahue presented her letter to the court outside the twenty-eight days, her motion is properly considered a request for relief under Rule 60(b).

Rule 60(b) offers relief from a final judgment in limited circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) any other reason that justifies relief. The rule is not a vehicle for a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brown v. Presb. Health Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

The matters presented in plaintiff's communication to the court fail to set forth a valid claim for relief under Rule 60(b). Donahue presents no newly-discovered evidence, but simply reargues her theory of the governmental conspiracy against her. Plaintiff fails to show why the court's conclusions, with respect to Eleventh Amendment immunity or otherwise, were in error.

IT IS ACCORDINGLY ORDERED this 24th day of January, 2018, that plaintiff's Motion for Reconsideration (Dkt. 36) is hereby denied.

                                                                                                    s/ J. Thomas Marten  
                                                                                      J. THOMAS MARTEN, JUDGE